IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CAROLYN SUE BEVANS,

        Plaintiff,

v.                                  CIVIL ACTION NO.  3:13-12502

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

## ORDER

This action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge has submitted Findings of Fact and recommended that Plaintiff's motion for judgment on the pleadings be denied, that the like motion of Defendant be granted, and the decision of the Commissioner be affirmed.  Plaintiff now objects to the Findings and Recommendation.

This Court's review of a final agency decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached under the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g).  Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  "In reviewing for substantial evidence, [the court

should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). Rather, a court's review is limited to whether the Administrative Law Judge (ALJ) considered the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

It is not the role of the courts to search for evidence and articulate reasons for a decision which were not furnished by the ALJ. *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 WL 4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ"). In *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), the Fourth Circuit stated that "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling." 734 F.3d at 295 (citation omitted). "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

As set forth by the Magistrate Judge, the Social Security Regulations follow a "five-step sequential evaluation process" to determine disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2012). If a claimant is found "disabled or not disabled" at any point, it is unnecessary to make further inquiry. *Id.* §§ 404.1520(a)(4), 416.920(a)(4). The first step in the process is to determine whether a claimant is engaged in substantial gainful employment. *Id.* at §§ 404.1520(a)(4)(i) & (b), 416.920(a)(4)(i) & (b). If the claimant is not engaged in substantial gainful employment, the second

step is to determine whether the claimant suffers from a severe impairment. *Id*. §§ 404.1520(a)(4)(ii) & (c), 416.920(a)(4)(ii) & (c). If a severe impairment is found, the third step is to determine whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id*. §§ 404.1520(a)(4)(iii) & (d), 416.920(a)(4)(iii) & (d). If a claimant meets step three, the claimant is disabled and awarded benefits. *Id*. If the claimant does not meet step three, the fourth step is to decide whether the impairments prevent the claimant from performing past relevant work. *Id*. §§ 404.1520(a)(4)(iv) & (e), 416.920(a)(4)(iv) & (e). If a claimant satisfies step four, there is a prima facie case of disability, and the burden shifts to the Commissioner. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981); *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983). The fifth step is then to determine whether the claimant is able to perform other types of substantial gainful activity, considering the claimant's physical and mental capacities, age, education, and prior work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) & (f), 416.920(a)(4)(v) & (f). It is the Commissioner's burden to show (1) the claimant has the capacity to perform another job considering the claimant's age, education, work experience, skills, and physical shortcomings and (2) the specific alternative job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

Plaintiff raises two objections to the Magistrate Judge's Proposed Findings and Recommendation ("PF&R"), ECF No. 12. ECF No. 13. First, Plaintiff objects that the PF&R, like the decision of the ALJ, "continue[s] to disregard the applicable great weight that is to be given to the opinion of the treating source physician," namely Dr. Kathy Saber. *Id.* at 1–10. Second, Plaintiff objects that the PF&R incorrectly concludes that Plaintiff did not present sufficient evidence of a severe disabling impairment and associated pain sufficient to compel an award. *Id.* at 10–14. Defendant responds that Plaintiff's objections cover the same issues raised in Plaintiff's opening

brief and should be rejected in their entirety. ECF No. 14. Plaintiff's objections are each discussed in turn below.

   1. **Weight afforded to opinion of Dr. Saber**

As correctly set forth by the Magistrate Judge, an ALJ is required to consider medical opinions in accordance with 20 C.F.R. §§ 404.1527(d) and 416.927(d) (2011). Factors guiding this analysis include: "(1) length of the treatment relationship and frequency of evaluation, (2) nature and extent of the treatment relationship, (3) supportability, (4) consistency, (5) specialization, and (6) various other factors. ECF No. 12 at 10; *see* 20 C.F.R. §§ 404.1527(d), 416.927(d) (2011). The applicable regulations further provide that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2011).

The regulations suggest a hierarchy of medical opinions, with opinions by treating physicians generally being afforded the greatest weight, followed by examining sources, and finally, non-examining sources. 20 C.F.R. §§ 404.1527(d)(1)-(2), 416.927(d)(1)-(2). Greater weight is generally afforded to opinions offered by treating physicians owing to the relative likelihood that such opinions will competently provide "a detailed, longitudinal picture" of the alleged disability. *See* 20 C.F.R. § 404.1527(d)(2), 416.927(d)(2) (2012). This is to be distinguished from "controlling weight," which is not required under the regulations unless "two conditions are met: (1) that is it supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence." *Ward v. Chater*, 924 F.Supp. 53 (W.D. Va. 1996); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2012).

In an effort to clarify the appropriate interpretation of regulations related to medical source opinions, the Social Security Administration has explained that, on occasion, it may be

appropriate to re-contact a treating source where the basis of such source's opinion is not apparent to the ALJ upon review of the record:

> Because treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make "every reasonable effort" to recontact the source for clarification of the reasons for the opinion.

*Titles II and XVI: Medical Source Opinions on Issues Reserved to the Comm'r*, SSR 96-5p (S.S.A. July 2, 1996).

Though the applicable regulations do not expressly address retrospective opinions, several circuits, including the Fourth Circuit, have concluded that retrospective opinions may well be relevant to disability determinations and should not be disregarded solely on account of their retrospective character. *See, e.g., Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012) ("[R]etrospective consideration of evidence is appropriate when 'the record is not so persuasive as to rule out any linkage' of the final condition of the claimant with his earlier symptoms."). *Wooldrige v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987) (finding that "even though [treating source's retrospective] opinion is based largely on the claimant's medical history, it concerns the progressively deteriorating nature of her breathing impairment and must be considered on remand."); *Branham v. Heckler*, 775 F.2d 1271, 1274 (4th Cir. 1985) ("The fact that [a formal intelligence quotient test] was not earlier taken does not preclude a finding of earlier retardation."); *Shaw v. Chater*, 221 F.3d 126, 133 (2d Cir. 2000) (finding that the District Court had erred in disregarding a retrospective opinion offered by a treating source based on review of medical records that could indicate a deteriorating problem in the claimant's spine merely because the court considered the opinion to be "too remote in time to be dispositive"); *Schauer v. Schweiker*, 675 F.2d 55, 60 n.5 (2d Cir. 1982) ("Diagnosis of a claimant's condition can properly, of course, occur after the onset of the impairment" (internal citation omitted)); *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th

Cir. 1988) ("We think it is clear that reports containing observations made after the period for disability are relevant to assess the claimant's disability." (citation omitted)).

Plaintiff objects that the ALJ improperly afforded the opinion of Dr. Saber little weight in determining Plaintiff's residual functional capacity. As relevant to this objection, the ALJ found that "through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she could frequently climb ramps/stairs but only occasionally climb ladders, ropes or scaffolds. She could frequently balance, stoop, kneel, crouch, or crawl. She should avoid concentrated exposure to extreme cold and vibration (Exhibit 5F)." ALJ Decision, ECF No. 6-2 at 23. In crafting this finding, the ALJ concludes Plaintiff had less functional capacity than suggested by the State Agency medical consultant, yet more capacity than suggested by Plaintiff's treating source, Dr. Saber.

In her decision, the ALJ summarizes the opinion of Dr. Saber, ultimately affording Dr. Saber's opinion little weight. ECF No. 6-2 at 25. Dr. Saber's October 2011 Medical Assessment, Ex. No. 12F, ECF No. 6-15 at 584, offered that Plaintiff's condition would limit her to lifting or carrying a maximum of five pounds; standing/walking for one hour with some pain immediately upon standing; sitting for one hour within an 8-hour day and 15-20 minutes without interruption; only occasional climbing of stairs or balancing; and never stooping, crouching, kneeling or crawling. *Id.* at 584–86. Dr. Saber further noted that Plaintiff has limited ability to reach or push/pull beyond the 5 lb. weight limit already identified and that Plaintiff should avoid work involving heights, work around moving machinery, work in extreme temperatures, and work involving vibrations. *Id.*

The ALJ correctly notes that Dr. Saber was not Plaintiff's treating physician prior to Plaintiff's date last insured in September 2007; Dr. Saber began treating Plaintiff ten months later in July 2008. On January 24, 2012, Dr. Saber submitted a letter explaining that, though she

only began treating Plaintiff in July 2008, she had "also reviewed her past medical records from Dr. Bradley Richardson, as well as, Dr. David Weinsweig." Ex. 17F, ECF No. 6-20 at 38. Dr. Saber continued that it is her conclusion "that the limitations reflected in the RSC report that I completed October 26, 2011 has the same assessment made as to Mrs. Bevans [sic] limitations on September 30, 2007." *Id.* As an opinion offered about the state of Plaintiff's degenerative condition ten months prior to commencing treatment, it is appropriate to characterize Dr. Saber's opinion as the retrospective opinion of a treating physician.

The ALJ reviewed the same past medical records reviewed by Dr. Saber, then disagreed with Dr. Saber's medical opinion, and apparently therefore gave Dr. Saber's opinion little weight. ECF No. 6-2 at 25. In support of her disagreement with Dr. Saber's medical opinion, the ALJ references records from Plaintiff's previous treating physicians dating from 2002 and 2003, years before Plaintiff's date last insured and the date referenced by Dr. Saber. On the basis of those records, the ALJ apparently concluded that Dr. Saber's opinion that Plaintiff's condition would have caused functional limitations in 2007, merely ten months prior to when she began treating Plaintiff, was inconsistent with other medical evidence in the record and should be afforded little weight. *Id.* Furthermore, the ALJ does not articulate in her opinion and therefore potentially did not engage in the credibility analysis required pursuant to 20 C.F.R. §§ 404.1527(d) and 416.927(d).

In support of the ALJ's decision, the Defendant asserts that opinions offered by Dr. Saber "certainly cannot be relied upon—as a treating physician opinion or otherwise—to support Plaintiff's claim of disability during the relevant period. The ALJ had no obligation to give these documents any weight, and properly afforded them little weight in her decision for the good reasons that she stated." ECF No. 10 at 10. Defendant offers no supporting law for this conclusion. *See id.* at 9–10. Contrary to Defendant's assertion, applicable law plainly explains

7

that the opinion of a treating source should not be disregarded merely because it is offered outside of the relevant period. Proper consideration of a retrospective opinion offered by a treating physician requires a similar approach to that owed to contemporaneous opinions.

The ALJ erred in failing to consider that retrospective diagnosis was possible on the basis of treatment and tests that occurred outside the relevant period. *See Martinez v. Massanari*, 242 F.Supp.2d 372, 378 (S.D.N.Y. 2003). As explained in *Martinez*, "[t]o the extent that the evidence submitted was insufficient for the ALJ to form a conclusion regarding the reliability of the assessments [the treating source] performed as sufficient bases to support an inference of retrospectiveness in his diagnoses, [the ALJ] was obligated to supplement the record with clarifying evidence." *Id.* at 378 (citing 20 C.F.R. §§ 404.1512(e)(1) and (f); *Perez*, 77 F.3d at 47; *Schall v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998)). To the extent that Dr. Saber's retrospective opinion failed to give specific reasons supporting her medical judgment beyond review of prior medical records, the ALJ in this case was similarly obligated to supplement the record with clarifying evidence. Supplemental evidence "should have addressed such matters as the reliability of the diagnostic tests and techniques conducted after the date last insured as indicators of some enduring, pre-existing, or even progressive condition, the permanent or variable nature of [Plaintiff's] diagnoses and ailments, and, perhaps, any potential intervening aggravating factors possibly accounting for some worsening of her condition." *Id.*

Moreover, the evidence relied upon by the ALJ is notably generally consistent with Dr. Saber's opinion. As recognized by the ALJ, Plaintiff has a degenerative condition. That condition has been managed by increasing pain medication throughout the relevant period. Conclusions by treating physicians in 2003 that Plaintiff was not in "acute distress" cannot reasonably be read to *contradict* a retrospective assessment by Plaintiff's current treating

8

physician with respect to the state of Plaintiff's degenerative condition in 2007. Indeed, among the medical opinions by treating physicians discussed by the ALJ in support of her findings, Dr. Saber's opinion based on treatment that began ten months after Plaintiff's date last insured is the least remote in time. The ALJ must sufficiently explain her findings and rationale relating to the weight afforded to Dr. Saber's opinion as a treating source.[1]

### 2. Pain and Credibility Assessment

The Magistrate Judge reviewed the ALJ's treatment of evidence relating to pain and her assessment of Plaintiff's credibility. Plaintiff objects to the Magistrate Judge's finding that the ALJ's assessment is supported by substantial evidence.

As correctly observed by the Magistrate Judge, there are two steps in determining whether a claimant is disabled by pain or other symptoms. "First, objective medical evidence must show the existence of a medical impairment that reasonably could be expected to produce the pain or symptoms alleged." ECF No. 12 at 14 (citing 20 C.F.R. §§ 404.1529(b) and 416.929(b) (2012); SSR 96-7p; *see also Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996). Once, as here, it is determined that a claimant has impairments that could reasonably be expected to produce the symptoms alleged, the ALJ is then required to determine the extent to which pain or symptoms affect a claimant's ability to work. *Craig*, 76 F.3d at 595.

In order to determine whether Plaintiff is disabled by pain or other symptoms, the ALJ reviewed Plaintiff's testimony and concluded that Plaintiff's alleged symptoms could reasonably be caused by her medically determined impairments, namely degenerative disc disease, cyst on conus, and obesity. ECF No. 6-2 at 23–24. However, the ALJ then went on to conclude that

---

[1] Such explanation is not owed with respect to Dr. Saber's opinion on whether Plaintiff's condition amounts to a "severe disabling condition," which is, of course, a legal judgment reserved to the discretion of the ALJ.

9

Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." *Id.* at 23. In support of this conclusion, the ALJ references evidence that Plaintiff's weight was within a consistent range within the relevant period, that no electromyography studies support Plaintiff's claimed hand numbness, and that Plaintiff's claim that physical therapy only made her pain worse is unsupported by the fact that Plaintiff cancelled physical therapy appointments. *Id.* at 24-25. Keeping in mind that it is not the role of the Court to reweigh conflicting evidence or make credibility determinations, like the Magistrate Judge, this Court agrees that the ALJ's decision with respect to Plaintiff's credibility is supported by substantial evidence. The Court further agrees that the ALJ considered Plaintiff's pain and other symptoms with respect to the relevant period.

Accordingly, for the foregoing reasons, the Court **GRANTS** Plaintiff's objections, in part, **REVERSES** the decision of the Commissioner, and **REMANDS** this action to the Commissioner for further proceedings consistent with Memorandum Opinion and Order.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, counsel of record, and any unrepresented parties.

ENTER: September 30, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE